COOLEY LLP
TIANA DEMAS (admitted *pro hac vice*) (NY Bar No. 4210472)
(tdemas@cooley.com)
444 W. Lake Street, Suite 1700
Chicago, Illinois 60606-0010
Telephone:     +1 312-881-6500

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
JOSEPH D. MORNIN (307766) (jmornin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:     +1 415 693 2000

Attorneys for Plaintiff
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Google LLC,<br><br>    Plaintiff,<br><br> v.<br><br>Nche Noel Ntse,<br><br>    Defendant. | Case No. 5:22-cv-02244<br><br>**PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE**<br><br>Date: May 19, 2022<br>Time: 9:00 A.M.<br>Dept: Civil Law and Motion<br>Judge: Edward J. Davila |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

**PLEASE TAKE NOTICE** that on May 19, 2022 or as soon thereafter as this matter may be heard before Judge Edward J. Davila in Courtroom 4 at 280 South 1st Street, 5th Floor, San Jose, CA 95113, Plaintiff Google LLC will move this Court for an order under Federal Rule of Civil Procedure 4(f)(3) authorizing service on Defendant Nche Noel Ntse via email and text message. This motion is based upon this notice, the following memorandum of points and authorities, the declaration of Joseph D. Mornin and attached exhibits, the pleadings and papers on file, all other matters of which the Court may take judicial notice, and oral argument of counsel, should the Court request it.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

## I. INTRODUCTION

As set forth in Google's Complaint, Defendant Nche Noel Ntse is a Cameroon-based scammer who controls a network of websites and Google accounts that Defendant uses to defraud unsuspecting and vulnerable American victims. Compl., ECF No. 1 ¶¶ 1, 32, 35. For example, Defendant ran (and continues to run) multiple websites that purport to sell adorable puppies, including familybassethoundhome[.]com, jerrysbassethoundhome[.]com, maltipoofarmhome[.]com, and emilypuppyfarm[.]com. *Id.* ¶¶ 28–33. In reality, Defendant does not sell puppies (or any other actual items); instead, Defendant uses the websites and Google accounts to run multiple non-delivery scams where victims send money and receive nothing in return. *Id.* ¶¶ 2, 26, 34. Defendant's conduct violate Google's Terms of Service and other policies, including the Gmail Program Policies, the Google Voice Terms of Service, and the Google Voice Acceptable Use Policy. *Id.* ¶¶ 3, 17–22, 36.

Despite its diligent efforts, Google cannot identify Defendant's precise physical address. Google therefore brings this motion for permission to serve Defendant via email and text message under Federal Rule of Civil Procedure 4(f)(3).

Alternative methods of service under Rule 4(f)(3) are valid when they are (1) authorized by a court, (2) not prohibited by international agreement, and (3) likely to provide actual notice to the defendant. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–16 (9th Cir. 2002). Each of these requirements is satisfied here. Defendant is based in Cameroon. Although Google has many active email addresses and phone numbers for Defendant, Google does not have a legitimate physical address for Defendant. As explained below, courts routinely authorize service by email and text message on foreign defendants where physical service is not feasible. Furthermore, no international agreement prohibits service by email or text message on defendants in Cameroon. Finally, alternative service would provide Defendant with adequate notice of this lawsuit, as he conducts his unlawful enterprise entirely online, and according to Google's records, the three email addresses and the Cameroonian phone number that Google proposes using to effect service are active. Accordingly, Google respectfully requests that the Court authorize service by email and text message. *See Pac. Logistics Corp v. Pac. Logistics Priority Mail*, No.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

CV-19-05023-PHX-SMB, 2019 WL 12338254, at *1–2 (D. Ariz. Sept. 12, 2019) (authorizing email service on a Cameroonian defendant where plaintiff only had partial physical addresses from third-party subpoena returns, and plaintiff had confirmed email addresses for service were active).

## II.   BACKGROUND

As noted above, Defendant uses Google's services, including Gmail, to conduct his fraudulent activity. *See* Compl. ¶¶ 24–26. For example, one US-based victim ("Victim 1") corresponded with the Gmail account familyhomebassethound@gmail[.]com ("Gmail Account A") and the Google Voice number (954) 899-0315 ("Google Voice Number 1"), both controlled by Defendant. *Id.* ¶¶ 25–26. After being instructed to pay for the "puppy" by sending $700 in electronic gift cards, Victim 1 purchased the gift cards and sent the relevant information to Google Voice Number 1. Victim 1 later received a text from Google Voice Number 1 claiming that the delivery company, "Sunshine Express," needed an extra $1,500 to deliver the puppy. Victim 1 never received the puppy. *Id.*

Google has thoroughly investigated the network of Gmail and Google Voice accounts, websites, and other accounts associated with Defendant's non-delivery schemes. *See* Declaration of Joseph D. Mornin ("Mornin Decl.") ¶¶ 3–5. In the course of this investigation, Google identified three active Gmail addresses used by Defendant: jurgenfernandez7@gmail[.]com ("Gmail Account B"), ogdablife420@gmail[.]com ("Gmail Account C"), and familyhomebassethound@gmail[.]com. *Id.* ¶ 4–9. Defendant logged in to Gmail Account A on September 19, 2021 and used the account as recently as December 2021. *Id.* ¶ 7. Both Gmail Account B and Gmail Account C have frequent and consistent logins over the past year, including as recently as March 13, 2022 for the former and April 3, 2022 for the latter. *Id.* Google also identified a Cameroonian phone number, +237-672259156 (the "-9156 number"), which is the recovery SMS number for two of these Gmail accounts. *Id.* ¶ 9.[1] On January 27, 2022, Defendant used the -9156 number to verify Gmail Account B via text message. *Id.* ¶ 10. The recent use of these Gmail addresses and the -9156 number provides good reason to believe that Defendant can

---

[1] 237 is the country code for Cameroon.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

receive service via these alternative methods.

Defendant provided two physical addresses in Cameroon to Google in order to set up a Google Pay account (using the Gmail address jurgenfernandez7@gmail[.]com). *Id.* ¶ 12. However, both of the physical addresses correspond to large areas in the city of Douala, Cameroon, not an actual street address or building. *Id.* ¶ 15. Google has conducted an extensive investigation—using its internal records and open-source information—in an effort to identify a precise physical location or street address where Defendant can be served. *Id.* ¶¶ 15–16. Despite these efforts, Google has not found any such location or address. *Id.* ¶ 16. Accordingly, physical service on Defendant (e.g., by hand, mail, or courier) is not feasible in this case. Google therefore seeks authorization to serve Defendant by email and text message.

### III.     ARGUMENT

Federal Rule of Civil Procedure 4(f)(3) permits a plaintiff to serve a person in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Alternative methods of service are valid if they are (1) authorized by a court, (2) not prohibited by international agreement, and (3) "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1014–16 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). Service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1) [via the Hague Convention] or Rule 4(f)(2) [under the foreign country's laws]" and stands "on equal footing" with other methods of international service. *Rio*, 284 F.3d at 1015. A plaintiff seeking permission to serve a foreign defendant via alternative methods "need not have attempted every permissible means of service of process before petitioning the court for alternative relief" and instead need only "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. Indeed, courts in this District regularly allow service under Rule 4(f)(3) in the first instance. *See, e.g., WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-EJD, 2019 WL 8810350, at *2–3 (N.D. Cal. Jan. 10, 2019) (Davila, J.) (there is "no requirement that Plaintiff attempt service of Defendant at its physical address as a precondition to the court authorizing

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

alternative service pursuant to Rule 4(f)(3)"); *Cisco Sys., Inc. v. Wuhan Wolon Commc'n Tech. Co.*, No. 5:21-CV-04272-EJD, 2021 WL 4962661 at *12–13 (N.D. Cal. July 23, 2021).

As discussed below, service by email and text message does not violate any international agreement and satisfies due process.

### 1. Service by Email and Text Message Does Not Violate Any International Agreement.

The primary agreement governing international service is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). However, the Hague Convention does not apply when the government of the state or territory in which the defendant resides is not a signatory. *See Rio*, 284 F.3d at 1015 n.4. Cameroon is not a signatory to the Hague Convention nor to "any other international treaty with the United States affecting judicial proceedings." *Pac. Logistics*, 2019 WL 12338254, at *1–2. For these reasons, international law does not prevent the Court from authorizing email or text message service here.

Even if Defendant were in a Hague Convention country, the Convention "does not apply where," as here, "the address of the person to be served with the document is not known." Hague Conv., Art. 1; *see also Future Motion, Inc. v. Doe*, No. 21-cv-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) (permitting service by email and holding that Hague Convention "does not apply where the address of the person to be served with the document is not known." (internal quotations omitted)); *Goes Int'l, AB v. Dodur Ltd.*, No. 14–CV–5666 LB, 2015 WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same).

Courts "have generally found that an address is 'not known' if a plaintiff exercised reasonable diligence in attempting to discover the address and was unsuccessful in doing so." *Indragro, S.A. v. Nilva*, No. 07–cv–03742 (SDW)(MCA), 2014 WL 1515587, at *4 (D. N.J. Apr. 17, 2014); *see also Future Motion, Inc.*, 2021 WL 3052594, at *2 (granting motion to serve by email after plaintiff could not locate defendant's address via online search and after defendant did not respond to plaintiff's email request for physical address); *Zynga Game Network Inc. v. Goh*,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

4:09-cv-05297-SBA (BZ) at *1 (N.D. Cal. May 28, 2010) (granting motion to serve by email after plaintiff was unable to confirm defendant's address from information obtained via third-party discovery); *but see Keck v. Alibaba.com, Inc.*, 330 F.R.D. 255, 258–59 (N.D. Cal. 2018) (refusing to allow service via email for additional defendants because, unlike previous motion for alternative service, plaintiff "has not provided evidence that the locations of the Additional Defendants are unknowable").

Here, Google has conducted a diligent investigation in an attempt to determine Defendant's precise physical address. *See* Mornin Decl. ¶ 16. For example, Google has extensively searched its internal records that are linked to Defendant, including phone numbers, email addresses, and IP addresses used to create accounts. *Id.* As discussed above, the only two addresses Defendant provided (to set up a Google Pay account) are to large areas in Douala, Cameroon, not a street address or building. *Id.* at ¶¶ 12, 15. Google also has devoted significant time and resources investigating open source materials that might lead to information about Defendant's location. *Id.* Despite these efforts, Google could not identify a precise physical location or address for Defendant. *Id.* In the unlikely event that Defendant resides in a country that is a Hague Convention signatory, the efforts Google already expended constitute "reasonable diligence" to discover an address for Defendant such that alternative service under Rule 4(f)(3) is warranted. *See Future Motion, Inc.*, 2021 WL 3052594, at *2.

### 2. Service by Email and Text Message Satisfies Due Process.

Courts in this Circuit routinely find that service via email satisfies due process. *See, e.g., Pac. Logistics Corp*, 2019 WL 12338254, at *2 (finding email service on Cameroonian resident comports with due process); *WeWork*, 2019 WL 8810350, at *2–3; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *1–3 (S.D. Cal. Jan. 17, 2019); *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2017 WL 10820533, at *2–3 (N.D. Cal. Dec. 20, 2017); *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 4196273, at *13–14 (N.D. Cal. July 20, 2020).

In *Rio Props.*, the Ninth Circuit affirmed a district court's order authorizing email service after the plaintiff could not locate a valid physical address for the defendant, which operated an

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244

online sports gambling site. In finding that email service satisfied due process, the Ninth Circuit observed that "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process." *Rio*, 284 F.3d at 1018.

Here, Google has identified three recently-accessed email addresses and a phone number for Defendant. *See* Mornin Decl. ¶¶ 7–10. Under these circumstances, there is a strong likelihood that email service will "apprise [Defendant] of the pendency of the action and afford [him] an opportunity to" respond. *Rio*, 284 F.3d at 1016. In addition, "combin[ing]" service via email with service via text message to Defendant's phone number will reinforce its effectiveness." *Juicero, Inc. v. Itaste Co.*, Case No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017); *see also Marvici v. Roche Facilities Maint. LLC*, 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (approving service via text message as "one piece of a multi-prong approach to service").

### IV. CONCLUSION

Google respectfully requests that the court authorize alternative service on Defendant via email at jurgenfernandez7@gmail[.]com, odgablife420@gmail[.]com, and familyhomebassethound@gmail[.]com, and via text message at +237-672259156.

Dated: April 15, 2022

COOLEY LLP

By: */s/ Michael G. Rhodes*
    Michael G. Rhodes

Attorneys for Plaintiff
Google LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAINTIFF'S MOTION TO AUTHORIZE
ALTERNATIVE SERVICE
CASE NO. 5:22-CV-02244